GEORGE ROBERT KROCKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krocker v. Commissioner
Docket No. 22168-84.
United States Tax Court
T.C. Memo 1989-7; 1989 Tax Ct. Memo LEXIS 7; 56 T.C.M. (CCH) 1016; T.C.M. (RIA) 89007; January 9, 1989. *7 George Robert Krocker, pro se. Steven M. Walk and Carol A. Szczepanik, for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: The case is before us on respondent's Motion To Dismiss For Failure Properly To Prosecute pursuant to Rules 123(b) and 149(a). [1]
By statutory notice, respondent determined the following deficiencies in and additions to the Federal income tax of petitioner and Mrs. Robin L. Krocker: Sec. 6653(a)
Taxable Year Ended
Deficiency
I.R.C.
December 31, 1980
$  2,050.22
$ 102.51
December 31, 1981
$ 17,898.55
N/A Sec. 6653(a)(1)
Sec. 6653(a)(2)
Taxable Year Ended
I.R.C.
I.R.C.
December 31, 1980
N/A N/A
December 31, 1981
$ 894.93
*
The statutory notice was based primarily on respondent's determination that petitioner and Mrs. *8 Krocker had underreported income from a business called Robin's Import-Export, and it included resulting adjustments involving the deductibility of unemployment compensation and self-employment tax. Approximately four weeks after the date of the statutory notice, this Court received a letter from petitioner which referred to the statutory notice and requested "proper petition forms and information on what procedure to follow in order for me to proceed with, in the required 90 day period." At the time the Court received the letter, petitioner resided at 15802 State Rte. 104, Chillicothe, Ohio 45601. On the following day, the Court sent to petitioner a letter enclosing a form petition, designation of place of trial forms, and a listing of the cities where the Court conducts trial sessions. Petitioner completed and returned the form petition, along with a copy of the statutory notice and a designation of Cleveland, Ohio as the place of trial. Mrs. Krocker did not join in the petition. Petitioner contested the tax deficiencies on the ground that respondent had understated various business expenses, including utilities, telephone and rent, which petitioner claimed to have incurred. *9 Petitioner prayed that he be allowed "a little more time that I need to obtain receipts." According to the postmark, the form petition was mailed 91 days after the statutory notice was issued. Accordingly, respondent filed a Motion To Dismiss For Lack of Jurisdiction on the ground that the petition was untimely. The Court notified petitioner of the filing of respondent's motion, and that September 13, 1984, was the deadline for filing a notice of objection. On September 17, 1984, petitioner filed a Notice of Objection to respondent's motion. Thereafter, the Court denied respondent's motion to dismiss and found that petitioner's initial letter to the Court constituted a valid but imperfect petition. The Court directed that the form petition be filed as an amended petition as of the date it was received. After Respondent filed his answer to the amended petition, the Court issued a notice setting the case for trial at the Trial Session beginning June 22, 1987, in Cleveland, Ohio. The notice contained the following warnings: The calendar for that Session will be called at 10:00 a.m. on that date and both parties are expected to be present at that time and be prepared to try *10 the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Your attention is called to the Court's requirement that, if the case cannot be settled on a mutually satisfactory basis, the parties, before trial, must agree in writing to all facts and all documents about which there should be no disagreement. Therefore, the parties should contact each other promptly and cooperate fully so that the necessary steps can be taken to comply with this requirement. YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. Pursuant to such notice, the case was called from the calendar for trial on June 22, 1987. Petitioner did not appear. Respondent orally moved to dismiss the case for lack of prosecution. The presiding judge noted that the Notice Setting Case For Trial had been returned to the Court by the United States Postal Service. Accordingly, because it was not certain that petitioner had received notice of the trial, the presiding judge denied respondent's oral motion, and continued the case. The Court directed respondent's counsel to provide the trial clerk with the petitioner's address *11 at that time. A second notice was issued on September 8, 1987, setting the case for trial at the Cleveland Trial Session beginning February 8, 1988. This second notice contained the same warnings regarding a party's failure to appear and to cooperate as the first notice. To prepare for trial, respondent sent petitioner a letter on November 25, 1987, scheduling a conference for the purpose of developing a stipulation of fact. Respondent's letter advised petitioner of his obligation under Rule 91 to cooperate in the preparation of a stipulation of facts and warns petitioner that respondent would request dismissal of the case in the event petitioner did not cooperate. On December 11, 1987, the petitioner appeared for the scheduled conference with respondent but he failed to bring with him any documents in support of his position. At that time, petitioner conveyed to respondent some doubt about whether he would proceed with the prosecution of the case. Nevertheless, the parties scheduled a second conference for December 18, 1987. Petitioner did not appear for the December 18 conference nor did he call respondent to reschedule it. Respondent accordingly believed that petitioner *12 had decided to abandon his case and sent petitioner a "proposed stipulation-decision" for execution. On the chance that petitioner wanted to go forward, however, respondent's transmittal letter inquired if petitioner had "secured any of the proof of additional expenses which we discussed during the December 11 conference." Respondent again warned petitioner that his failure to appear for trial might result in dismissal of petitioner's case. Shortly before the case was due to be called for trial, respondent again corresponded with petitioner and sent him a proposed stipulation of facts. Respondent also again warned petitioner that he would move to dismiss the case for failure to properly prosecute in the event petitioner failed to appear for trial. When this case was called from the calendar at the Cleveland Trial Session on February 8, 1988, petitioner appeared before the Court and stated that he had no records. Trial was set for later on the same day. When the case was called for trial on the same day, petitioner did not appear. The Court passed the case and scheduled it to be recalled on February 10. Once again, when the case was recalled petitioner did not appear. Respondent's *13 counsel made every reasonable effort to inform petitioner of the date and time of both the original call and recall of his case. Petitioner had attempted to contact respondent's counsel on February 8, 1988 at 12:30 p.m. but did not leave a telephone number where he could be reached. Respondent's counsel instructed her secretarial staff to inform petitioner, if he called back, of the date and time of both the original and recall setting of his case. Rules 123(b) and 149(a) provide as follows: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE (a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be *14 ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. The record in this case discloses not only that petitioner did not appear for the trial of his case when it was called, but also that he has totally failed to cooperate with respondent in preparing the case for trial. While there is doubt about whether petitioner received notice of the initial setting of his case for trial on June 22, 1987, the record leaves no doubt that he was advised well in advance of the trial setting for February 8, 1988. The record also leaves no doubt that petitioner was advised of his obligation to cooperate with respondent in preparing for same and/or settling issues and was warned of the consequences of his failure to cooperate and appear for trial. We have dismissed cases with similar facts on numerous occasions. E.g., , affg. (failure to stipulate uncontested facts and to address issues raised by statutory notice); , *15 affg. an unreported decision of this Court (failure to follow the Rules); (failure to stipulate facts and to prepare for trial even after numerous continuances were granted); (failure to appear at trial); (failure to appear at trial, to cooperate with respondent in preparing for trial, and to attempt to settle; $ 2,000.00 damages awarded to the United States and against taxpayer); , affd. per order (failure to comply with order to produce documents). By his conduct, petitioner has shown no interest in the continued prosecution of this case, and, in fairness, respondent is entitled to have an end to it. Accordingly, this case is dismissed and we sustain respondent's determination of tax deficiencies, and additions to tax, as set out in the statutory notice. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, and, unless otherwise noted, all section references are to the Internal Revenue Code, as amended.↩
*. --50 percent of the statutory interest on $ 17,898.55, computed from April 15, 1982, to the earlier of the date of assessment or the date of payment.↩